## In re H. A. SHAVER CO.

(District Court, S. D. Florida. January, 1920.)

1. **Bankruptcy** ⚙️81(3)—**Status of petitioners as creditors sufficiently shown.**

A petition in involuntary bankruptcy, which sets out contracts between petitioners and bankrupt, and alleges tender of performance by petitioners and refusal by bankrupt, *held* to sufficiently establish the status of petitioners as creditors.

2. **Contracts** ⚙️9(3)—**Certainty as to time of performance.**

Contracts made in February and March, 1919, between growers and a canning company, for the growing of beans to be planted between March 10 and May 1, and delivery of the beans grown to the company *held* not void for uncertainty as to the year, although no year was specified, but to relate to the then current year.

In Bankruptcy. In the matter of the H. A. Shaver Company, alleged bankrupt. On demurrer to the petition. Overruled.

Hampton & Trantham, of Ocala, Fla., for petitioners.

L. W. Duval, of Ocala, Fla., for bankrupt.

CALL, District Judge. This cause comes on for a hearing upon the demurrers filed by the bankrupts. Since the adoption of the new equity rules by the Supreme Court (198 Fed. xix, 115 C. C. A. xix), a demurrer to the petition in involuntary bankruptcy proceedings is inapplicable; but since the matter was argued, and that point not stressed by the parties, I shall treat the demurrer as a motion to dismiss.

[1] The first two grounds of the motion contend that the petitioners have not provable claims. Under the authorities I am of opinion that these two grounds are not well taken. The petition contains the written contracts between the parties, the breaches of which gave rise to the claims. The fourth ground is equally not well taken, the petition charging that the articles (beans) were raised and tendered the bankrupts and refused by them prior to filing the petition.

[2] The ground mainly relied upon in the argument was the third, and raises the question whether the written contracts attached to the petition are void for uncertainty. The contracts are identical, except the dates of entering same, the names of the parties contracting, and the number of acres of beans to be grown. A sample is as follows:

"Growers' Contract.

"This certifies that W. R. Pedrick and H. A. Shaver Company have made the following agreement on the 25th day of February, 1919:

"First. That W. R. Pedrick will raise and deliver 10 acres of beans to the canning factory of H. A. Shaver Company at Ocala, Florida.

"Second. That the above beans will be picked while tender and free from specks or rotten matter.

"Third. That the above beans will be planted between March 10th and May 1st.

"Fourth. That above beans will not be picked when vines are wet from dew or rain; also beans will be delivered to H. A. Shaver Company dry.

⚙️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Fifth. That H. A. Shaver Company will pay 85 cents per hamper for above beans as delivered.

"Sixth. That H. A. Shaver Company will advance the bean seed, which shall be paid for by the grower at the time beans are delivered.

"Seventh. That H. A. Shaver Company shall furnish hampers for handling above beans.                                    [Signed]   H. A. Shaver Company,
                                                                    "By B. H. Sanders,
                                         "[Signed]   W. R. Pedrick.

"U. S. Food Administration License No. C 41442."

It was contended in the argument for the bankrupts that this contract is void for uncertainty, because it does not specify what year the beans were to be grown. Contracts are to be given a reasonable construction, in order to arrive at the intention of the parties and give effect to their terms. These contracts were entered into during different months of the year 1919, one in February, and two in March, and provide that the beans shall be planted between March 10th and May 1st. It is true neither of them specify what year, but the bankrupts were conducting a canning business and were evidently providing for materials for canning, and it seems to me that the only reasonable construction to be placed upon the language used by the parties would be to hold that it referred to the time immediately following the making of the contract. To hold the contracts so indefinite as to time of performance as to make them void would, it seems to me, be highly inequitable. And, besides, the petitioners allege that they grew the beans and tendered them as required by the contracts, and the same were refused by the bankrupt.

Under the allegations of the petition and the language of the contracts, a court of equity would not permit one of the contracting parties to avoid his liability by contending that the contract was indefinite.

The demurrer, treated as a motion to dismiss the petition, will therefore be denied, and the bankrupt required to answer the petition.